UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EUDIS BYLES                                        CIVIL ACTION

VERSUS                                             NUMBER: 06-1599

BURL CAIN                                          SECTION: "N"(5)

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court are the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Eudis Byles, and the State's response thereto. (Rec. docs. 3, 10). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Byles' petition be dismissed with prejudice.

Eudis Byles, petitioner herein, is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On July 28, 1993, Byles was found guilty of second degree murder after trial, by jury, in the Twenty-Fourth Judicial

District Court for the Parish of Jefferson, State of Louisiana.  On October 12, 1993, Byles was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  On direct appeal to the Louisiana Fifth Circuit Court of Appeal, that court affirmed Byles' conviction on February 15, 1995, amended his sentence to allow for credit for time served, and remanded the matter to the trial court to formally notify petitioner of the prescriptive period within which to apply for post-conviction relief.  State v. Byles, 652 So.2d 59.  (La. App. 5th Cir. 1995).  Byles' conviction became final thirty days later when the time for him to seek writs from the Louisiana Supreme Court expired and no application therefor was made.  See Louisiana Supreme Court Rule X, §5(a); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 2000).

   Thereafter, Byles took no steps to challenge his conviction until November 11, 2003 when he executed a pleading denominated as a "Motion to Preserve Any and All Physical Evidence Collected and Held in Custody of the State".  (St. ct. rec., vol. 2 of 8, tab 3). That motion was denied by the trial court on November 24, 2003 for the reason that Byles had no application for post-conviction relief pending at that time.  (St. ct. rec., vol. 2 of 8, tab 4). Approximately four months later, Byles executed the required application for post-conviction relief.  (St. ct. rec., vol. 2 of

8, tab 5).  Without the benefit of any input from the State, the trial court granted the latter "motion" on April 2, 2004 but following the filing of Byles' second application for post-conviction relief and due briefing by the parties, the trial court vacated its order of April 2, 2004 and denied relief on January 4, 2005.  (St. ct. rec., vol. 2 of 8, tabs 6, 7, 8, 9). Writs were subsequently denied by the Louisiana Fifth Circuit on February 4, 2005. (St. ct. rec., vol 1 of 8, tab 1), and by the Louisiana Supreme Court on January 13, 2006.  <u>State ex rel. Byles v. State</u>, 920 So.2d 229 (La. 2006).  Byles signed his federal habeas petition on February 20, 2006. (Rec. doc. 3, p. 6).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Byles now have one year within which to timely seek federal habeas corpus relief, with the one-year period being measured form the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. §2244(d)(1)

Title 28 U.S.C. §2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review with respect to the pertinent judgment pending before the state courts is not counted against the period of limitation.  Although the State has done so in this case, the one-year time bar may be raised by the Court <u>sua sponte</u>.  <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

Measured under §2244(d)(1)(A), because Byles' conviction became final before the effective date of the AEDPA, he had one year, or until April 24, 1997, within which to timely file his habeas petition in this Court, excluding any time allowed by §2244(d)(2).  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 202 (5th Cir. 1998).  As noted in the procedural history set forth above, Byles' conviction became final in early 1995 and he had nothing pending before the state courts with respect to his conviction until he executed his motion to preserve evidence on November 11, 2003.  As such, §2244(d)(1)(A) provides him no relief.  Byles also points to

no state-created filing impediment or retroactively applicable constitutional right recently recognized by the U.S. Supreme Court so as to bring him within the terms of §2244(d)(1)(B) or (C).  The Court also notes that LSA-C.Cr.P. Art. 926.1, the statute under which Byles brought his motion to preserve evidence, became effective on August 15, 2001.  See State ex rel. Poydras v. State, 803 So.2d 982 (La. 2001)(Calogero, C.J., concurring).  Yet Byles waited over two years to prepare and file his motion or any application for post-conviction relief.  To the extent that Article 926.1 can be construed as providing Byles with the factual predicate for his habeas claim, its fares no better in terms of timeliness under §2244(d)(1)(D).

Alternatively, even if Byles' federal petition was not untimely under §2244(d), it is questionable whether he would otherwise be entitled to habeas relief.  The sole ground that Byles presents in his petition is framed as follows: "[s]cientific DNA evidence would prove actual innocence, hence his conviction is had in violation of due process of law.  USCA Constitution Amendment 14." (Rec. doc. 3, p. 4).  On that score, the Fifth Circuit has noted that absent an independent, substantive constitutional violation, "... claims of actual innocence are not cognizable on federal habeas review."  Graves v. Cockrell, 351 F.3d 143, 151 (5th Cir.), reh'g in part granted on other grounds, 351 F.3d 156 (5th

Cir. 2003)(citing <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 741 (5th Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 915, 121 S.Ct. 1250 (2001)). Although Byles mentions in passing, on the final page of his nineteen-paged supporting memorandum, that ineffective assistance of counsel could be established at an evidentiary hearing, he does not urge that as a separate claim for relief nor does he identify any acts or omissions on the part of counsel from which ineffectiveness can reasonably be inferred.[1]/

### RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Eudis Byles be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v.</u>

---

[1]/ The standardized habeas application utilized by Byles identifies the denial of effective assistance of counsel as one of the most frequently raised grounds for relief.  (Rec. doc. 3, p. 4).  Yet Byles failed to urge that claim separately.

<u>United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  26th  day of      January        ,
2007.

                                    *[signature: Alma L. Chasez]*
                              _____
                              UNITED STATES MAGISTRATE JUDGE